IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES HARDAWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-194-KPJ |
| | § | |
| TOYOTA FINANCIAL SERVICES | § | |
| and PARK PLACE LEXUS PLANO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Toyota Motor Credit Corporation ("TMCC") and Asbury Plano LEX, LLC's ("Asbury" and together with TMCC, "Defendants") Motions to Dismiss (together, the "Motions to Dismiss") filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkts. 27, 28. Plaintiff James Hardaway ("Plaintiff") filed responses to each Motion to Dismiss (Dkts. 31, 34), to which Defendants filed replies (Dkts. 38, 39), and Plaintiff filed a consolidated sur-reply (Dkt. 41). Having considered the pleadings, arguments, and applicable authorities, Defendants' Motions to Dismiss (Dkts. 27, 28) are hereby **GRANTED IN PART and DENIED IN PART**.

### I. BACKGROUND

On March 12, 2021, Plaintiff, proceeding *pro se*, filed an Original Complaint against Toyota Financial Services and Park Place Lexus Plano. *See* Dkt. 1. On April 16, 2021, Defendant Asbury, mistakenly sued as Park Place Lexus Plano, filed a Motion to Dismiss and alternative Motion for More Definite Statement (Dkt. 5). On May 13, 2021, Defendant TMCC, mistakenly sued as Toyota Financial Services, filed a Motion to Dismiss (Dkt. 13). Both Motions to Dismiss are fully briefed. *See* Dkts. 5, 13, 17, 18, 19, 22, 23.

1

On June 16, 2021, Plaintiff filed a Motion for Leave to Amend the Complaint (Dkt. 24) in light of Defendants' pending Motions to Dismiss (Dkts. 5, 13), *see* Dkt. 24 at 2, which the Court granted. *See* Dkt. 26. Plaintiff's First Amended Complaint (the "Amended Complaint") (Dkt. 25) is the live complaint in this matter. *See* Dkts. 24, 25, 26.

In the Amended Complaint, Plaintiff alleges Defendants violated federal consumer protection laws related to Plaintiff's purchase of a 2021 Lexus RX350 (the "Vehicle") and related loan (the "Loan"). *See* Dkt. 25 ("Am. Compl.") at 4. The Amended Complaint specifically provides the following statement of Plaintiff's claims against Defendants under the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"); Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"); and Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"):

> On October 24th, 2020 James Hardaway as a consumer, initiated a consumer credit transaction at the Park Place Lexus dealership in Plano, Texas for a 2021 lexus RX350. This dealership operates under Ashbury Plano Lex, LLC [Asbury]. The application did not include recission papers as required under the TILA. Plano Park Place [Asbury] did not produce the specific written statements regarding insurance to be included in the finance charge under the TILA. TMCC received a written request from the consumer James Hardaway requesting name and address of the original creditor as required by the FDCPA and failed to respond. TMCC received notice of my recission and failed to respond as required by law. TMCC continued to report to consumer reporting angencies [sic] after recieving [sic] the notice of recission. TMCC continues to send letters in an attempt to collect an alleged debt in clear violation of the FDCPA and the TILA.

*See* Am. Compl. at 4. As a result of Defendants' alleged violations, Plaintiff seeks to recover: (a) the cost of bringing this action; (b) "free service at any Lexus Dealership Service Department"; (c) title to the Vehicle; (d) a permanent injunction against Defendants to prevent future violations of the FDCPA and TILA; (e) damages from TMCC in the amount of $20,000,000; and (f) damages from Asbury in the amount of $1,000,000. *See id.* at 5.

On July 2, 2021, TMCC filed a Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 27), arguing that Plaintiff's Amended Complaint fails to state a claim under the TILA, FDCPA,

2

and FCRA. *See* Dkt. 27. Thereafter, Plaintiff filed a response (Dkt. 34), TMCC filed a reply (Dkt. 39), and Plaintiff filed a sur-reply (Dkt. 41).

Asbury also filed a Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 28) on July 2, 2021, arguing that Plaintiff's Amended Complaint fails to state a claim under the TILA. *See* Dkt. 28. Plaintiff filed a response (Dkt. 31), Asbury filed a reply (Dkt. 38), and Plaintiff filed a sur-reply (Dkt. 41).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are viewed with disfavor, the court must accept as true all well-pleaded facts, "even if doubtful or suspect," contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020); *see Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *See id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When considering a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III. ANALYSIS

### A. TILA

The TILA was enacted to "assure a meaningful disclosure of credit terms . . . to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The TILA and its implementing regulations apply to "each individual or business that offers or extends credit when four conditions are met: (i) the credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; (iii) the credit is subject to a finance charge or is payable by a written agreement in more than four installments; and (iv) the credit is primarily for personal, family, or household purposes." 12 C.F.R. § 226.1(c); *see* 15 U.S.C. § 1603; 12 C.F.R. § 226.3.

Even assuming the TILA applies to Plaintiff's purchase of the Vehicle and related Loan,[1] the Court finds Plaintiff failed to plead plausible violations of the TILA. Plaintiff first alleges that Asbury violated the TILA by failing to provide Plaintiff with "recission papers." *See* Am. Compl. at 4. Under the TILA, a creditor must provide the consumer with a "notice of right to rescind" in a "credit transaction in which a security interest is or will be retained or acquired in a *consumer's principal dwelling*." *See* 12 C.F.R. § 226.23(a) (emphasis added); *see also* 15 U.S.C. § 1635(a) (the "[d]isclosure of obligor's right to rescind . . . [e]xcept as otherwise provided" applies "in the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the

---

[1] The Court notes that the TILA generally does not apply to consumer credit transactions where the total amount financed exceeds $50,000, unless the transaction related to private education loans, and interest in real property, or in personal property used or expected to be used as the principal dwelling of the consumer. 15 U.S.C. § 1603.

principal dwelling of the person to whom credit is extended . . . ."). In such cases, the consumer may timely invoke his right to rescind the credit transaction, which if exercised, voids the credit transaction and any debt obligations arising therefrom. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).

In this case, Plaintiff's allegations relate solely to his purchase of the Vehicle, which Plaintiff does not allege gave rise to a security interest in Plaintiff's principal dwelling. *See* Am. Compl. at 4. Thus, Plaintiff has not pleaded facts showing Asbury was required to provide Plaintiff with notice of Plaintiff's right to rescind. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 1026.23(a). Plaintiff has, therefore, not pleaded facts sufficient to sustain his claim that Asbury failed to provide "recission papers" in violation of the TILA. *See Walker v. U.S. Bank*, No. 3:21-cv-758, 2021 WL 5701498, at *3, *report and recommendation adopted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021) (dismissing the plaintiff's TILA claim because the TILA recission provisions did not apply to the plaintiff's "purchase of a Chevrolet Silverado, a vehicle which does not qualify as a 'principal dwelling'").

Likewise, Plaintiff alleges Defendant TMCC "failed to respond" to Plaintiff's notice of recission and, despite receiving same, "continues to send letters in an attempt to collect an alleged debt" in violation of the TILA. *See* Am. Compl. at 4. However, as noted above, Plaintiff has not alleged facts showing that the TILA right to recission applies to Plaintiff's purchase of the Vehicle. Therefore, Plaintiff has not pleaded facts sufficient to sustain his claim that TMCC's collection efforts violated the TILA.

Plaintiff also alleges Asbury violated the TILA by failing to "produce the specific written statements regarding insurance to be included in the finance charge under the TILA." *See* Am. Compl. at 4. The TILA requires creditors to disclose finance charges to consumers; finance charges

are defined as "any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or condition of the extension of credit." 12 C.F.R. § 226.4(a); *accord* 15 U.S.C. § 1605(a). If an insurance premium is "written in connection with a credit transaction" or otherwise "imposed directly or indirectly by the creditor as an incident to or condition of the extension of credit," it is a finance charge that must be disclosed to the consumer. *See* 15 U.S.C. § 1605(a)–(c); 12 C.F.R. § 226.4(a)–(b). In this case, Plaintiff has not alleged facts showing that an insurance policy was written in connection with the credit transaction or that Asbury imposed insurance requirements "as an incident to or condition of the extension of credit." *See id.*; Am. Compl. at 4. Thus, Plaintiff has not pleaded facts sufficient to sustain his claim that Asbury failed to provide "specific written statements regarding insurance" in violation of the TILA.

### B. FDCPA

To state a claim under the FDCPA, Plaintiff was required to allege facts showing: (1) Plaintiff was the object of collection activity arising from a consumer debt; (2) TMCC is a debt collector defined by the FDCPA; and (3) TMCC engaged in an act or omission prohibited by the FDCPA. *See Pilkington v. LTD Fin. Servs., LP*, No. 6:19-cv-422, 2020 WL 10045989, at *2 (E.D. Tex. Feb. 11, 2020). The Court finds Plaintiff failed to allege facts sufficient to support his claim that TMCC engaged in an act or omission prohibited by the FDCPA.

Plaintiff alleges TMCC failed to respond to Plaintiff's request for the "name and address of the original creditor," TMCC failed to respond to Plaintiff's notice of recission, and that TMCC continued its debt collection efforts despite receiving Plaintiff's notice of recission. *See* Am. Compl. at 4. Plaintiff's claims stem from 15 U.S.C. § 1692g, which provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that

> the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

*See* 15 U.S.C. § 1692g(b). Plaintiff's thirty-day period began when he received TMCC's initial written notice regarding the debt. *See* 15 U.S.C. § 1692g(a). Thus, TMCC's statutory obligations—mailing Plaintiff the name and address of the original creditor or verification of the debt and ceasing collection efforts—were contingent on Plaintiff's timely request for information regarding the original creditor or timely notice that the Loan was disputed. *See* 15 U.S.C. § 1692g(a)–(b).

In this case, the Amended Complaint fails to include factual allegations regarding TMCC's initial notice to Plaintiff or the relative timing of Plaintiff's subsequent communications. *See* Am. Compl. at 4. Thus, the Court is unable to discern whether Plaintiff's communications were timely and, therefore, whether TMCC was obligated to respond or cease collection activities. As pleaded, Plaintiff has failed to state a claim under the FDCPA. *See Valderrama v. BBVA Compass*, No. 3:21-cv-1776, 2021 WL 6065825, at *3 (N.D. Tex. Nov. 22, 2021), *report and recommendation adopted*, 2021 WL 6063618 (N.D. Tex. Dec. 21, 2021) (dismissing the plaintiff's FDCPA claims because the plaintiff failed to "assert any facts indicating that he properly disputed or sought validation of the debt").

### C. FCRA

Plaintiff alleges TMCC violated the FCRA by "continu[ing] to report to consumer reporting [agencies] after receiving the notice of recission." *See* Am. Compl. at 4. The FCRA prohibits creditors from reporting "information relating to a consumer to any consumer reporting

7

agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D). A creditor who violates the FCRA by reporting inaccurate information is subject to administrative enforcement. *See* 15 U.S.C. § 1681s-2(c)–(d).

Even if Plaintiff's allegation is true, Plaintiff's claim fails because such violation does not carry a private right of action. *See* 15 U.S.C. § 1681s-2(c)–(d) (stating that violations of § 1681s-2(a) are administratively enforced); *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 445 (2d Cir. 2015) (citing *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2021) (per curiam)) ("Violations of these provisions under 15 U.S.C. § 1681s-2(a) . . . are not enforceable by means of a federal or state cause of action for damages."); *Young v. Equifax Credit. Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("Section 1681s-2(c) does provide an exception to civil liability for failure to comply with Section 1681s-2(a) . . . enforcement of Section 1681s-2(a) shall be by government officials."). As such, Plaintiff failed to state a claim for relief under the FCRA.

### D. Leave to Amend

Generally, a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed under Rule 12. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his [or her] 'best case.'" *Id.* at 768. In light of the deficiencies identified herein, Plaintiff, proceeding *pro se*, should be allowed to amend his complaint with respect to: (1) Plaintiff's claim that TMCC violated the FDCPA, and (2) Plaintiff's claim that Asbury violated the TILA by failing to produce certain statements regarding insurance.

However, Plaintiff's opportunity to amend his complaint shall not extend to Plaintiff's remaining claims, as the facts alleged in the Amended Complaint establish Plaintiff is precluded from recovering thereunder.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Dkts. 27, 28) are hereby **GRANTED IN PART and DENIED IN PART**.

**IT IS ORDERED** that Plaintiff's claims asserted under 15 U.S.C. §§ 1635 and 1681s-2 are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days after receiving this Order, Plaintiff may file an amended complaint as to: Plaintiff's claim against Asbury asserted under 15 U.S.C. § 1605, and Plaintiff's claim against TMCC asserted under 15 U.S.C. § 1692(g). No further amendments will be permitted pending the disposition of Rule 12 motions, if any. Plaintiff's failure to timely file an amended complaint, if any, will result in the dismissal of such claims. Defendants may file motions to dismiss within fourteen (14) days after Plaintiff's amended complaint, if any, is filed.

**So ORDERED and SIGNED this 2nd day of February, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE