IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES HARDAWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-194-KPJ |
| | § | |
| TOYOTA FINANCIAL SERVICES | § | |
| and PARK PLACE LEXUS PLANO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff James Hardaway's ("Plaintiff") Motion to Compel Arbitration (the "Motion") (Dkt. 49). Defendant Asbury Plano LEX, LLC ("Asbury")[1] filed a response (Dkt. 50), wherein Asbury argues the Court should both deny Plaintiff's Motion and dismiss Plaintiff's remaining claim against Asbury. Defendant Toyota Motor Credit Corporation ("TMCC")[2] did not file a response. Upon consideration, the Motion (Dkt. 49) is **DENIED**, and Plaintiff's remaining claims in this action are hereby **DISMISSED**.

### I. BACKGROUND

On March 12, 2021, Plaintiff, proceeding *pro se*, filed an Original Complaint against Asbury and TMCC. *See* Dkt. 1. Asbury and TMCC filed motions to dismiss, which were fully briefed. *See* Dkts. 5, 13, 17, 18, 19, 22, 23. Before the motions to dismiss were decided, Plaintiff amended his complaint with leave of Court. *See* Dkts. 24, 25, 26. In the Amended Complaint (Dkt. 25), Plaintiff alleged Defendants violated federal consumer protection laws related to Plaintiff's purchase of a 2021 Lexus RX350. *See* Dkt. 25 at 4. Asbury and TMCC moved to dismiss the

---

[1] Asbury was mistakenly sued as Park Place Lexus Plano. *See* Dkt. 29 at 2.

[2] TMCC was mistakenly sued as Toyota Financial Services. *See id.*

1

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkts. 27, 28. The motions to dismiss were fully briefed. *See* Dkts. 31, 34, 38, 39, 41. In considering the motions to dismiss, the Court construed the Amended Complaint to allege claims under the Truth in Lending Act (15 U.S.C. §§ 1635, 1605), the Fair Credit Reporting Act (15 U.S.C. § 1681s-2), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692(g)). *See* Dkt. 47. On February 2, 2022, the Court dismissed Plaintiff's claims under Sections 1635 and 1681s-2 pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* Although the Court found Plaintiff failed to state legal claims for relief under Sections 1605 and 1692(g), asserted against Asbury and TMCC respectively, the Court granted Plaintiff leave to amend his complaint as to those claims. *Id.* at 9. Plaintiff was ordered to file an amended complaint, if any, within fourteen days after receiving service of the Court's Memorandum Opinion and Order. *See id.* Plaintiff was warned that his remaining claims would be dismissed if he did not timely file an amended complaint. *See id.* To date, Plaintiff has not filed an amended complaint.

    Plaintiff filed the Motion on February 25, 2022, wherein Plaintiff argues his contract with TMCC and Asbury contains an arbitration clause that requires TMCC and Asbury to "arbitrate the claims raised in these proceedings." *See* Dkt. 49. Plaintiff represents he "elects and invokes" the arbitration clause and requests the Court compel this matter to arbitration. *See id.* Asbury argues the Motion should be denied because Plaintiff waived his right to arbitration. *See* Dkt. 50. Asbury further argues Plaintiff's remaining claims against it should be dismissed for Plaintiff's failure to file an amended complaint. *See id.* TMCC did not file a response to the Motion.

## II.  ANALYSIS

### A.  Waiver of Arbitration

Waiver of arbitration is a "disfavored finding"; however, "the right to arbitrate—like all contract rights—is subject to waiver." *Forby v. One Techs. L.P.*, 909 F.3d 780, 783 (5th Cir. 2018) (quoting *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009)). A party waives its right to arbitrate if it "substantially invokes the judicial process" and thereby causes "detriment or prejudice" to the other party. *Id.* (quoting *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421 (5th Cir. 2014)). In this case, both elements have been met.

   1. *Substantial Invocation*

To invoke the judicial process, a party must, "at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (quoting *In re Mirant*, 613 F.3d 584, 589 (5th Cir. 2010)). A plaintiff substantially invokes the judicial process when it files suit on arbitrable claims, unless filing suit is not inconsistent with an intent to arbitrate such claims. *Int'l Energy Venture Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 999 F.3d 257, 266 (5th Cir. 2021) (citing *Nicholas*, 565 F.3d at 907). Here, Plaintiff evinced a desire to resolve this dispute through litigation—and therefore substantially invoked the judicial process—when he filed this case in federal court. Plaintiff's subsequent activity in this case further evinced Plaintiff's desire to resolve this dispute through litigation rather than arbitration. Indeed, Plaintiff filed responses to each of the four motions to dismiss and even amended his complaint to avoid dismissal. Plaintiff sought to compel arbitration only after the Court decided the motions to dismiss in Defendants' favor. On balance, Plaintiff's litigation activity "easily constitutes substantial invocation." *See id.* (finding a plaintiff substantially invoked the judicial process by filing suit in court and seeking to compel arbitration only after receiving an

unfavorable judicial ruling); *see also Forby*, 909 F.3d at 784 (contrasting cases where the party moves to compel arbitration before getting "a sense of the court's view of the case" with cases where the party moves to compel arbitration only after receiving a decision on the merits and holding the latter constitutes substantial invocation); *In re Mirant*, 613 F.3d at 590 ("We are not convinced that '[the movant], having learned that the district court was not receptive to its arguments, should be allowed a second bite at the apple through arbitration.'").

2. *Prejudice*

"Whether a party has been prejudiced is a 'fact-dependent inquiry' that asks if the party suffered 'delay, expense, or damage to [its] legal position' because of an opposing party's pursuit of litigation." *Int'l Energy Ventures Mgmt., L.L.C.*, 999 F.3d at 267 (alteration in original) (first quoting *Nicholas*, 565 F.3d at 910; then quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)). A party's delay in asserting its right to arbitrate "bear[s] on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Forby*, 909 F.3d at 785 (quoting *Nicholas*, 565 F.3d at 910).

In this case, Asbury argues it suffered delay, expense, and damage to its legal position. *See* Dkt. 50 at 4–5. Asbury argues this case was pending for more than eleven months before Plaintiff sought to compel arbitration. *Id.* at 4. During that time, Asbury argues it incurred expenses and revealed its litigation strategy by fully briefing not one, but two motions to dismiss. *See id.* Asbury further asserts the parties convened for a Rule 16 management conference and a scheduling order was entered in this case. *See id.* The Court finds Plaintiff's delay in seeking to compel arbitration supports a finding of prejudice to Asbury when combined with Asbury's litigation efforts to date: namely, fully briefing two motions to dismiss (one of which the Court granted in part), *see* Dkts. 5, 19, 28, 38; conferring and preparing a Rule 26(f) report, *see* Dkt. 29; serving initial disclosures,

*see* Dkt. 30; appearing for a Rule 16 management conference, *see* Dkt. 32; and now opposing Plaintiff's Motion and seeking dismissal for Plaintiff's failure to prosecute his remaining claims, *see* Dkt. 50. *See, e.g.*, *MCR Oil Tools, LLC v. Wireline Well Servs. Tunis.*, No. 3:19-cv-2536, 2021 WL 1086995, at *4 (N.D. Tex. Mar. 22, 2021) (finding prejudice where the plaintiff waited nine months to request arbitration, during which time the defendant filed an answer, removed the case, filed a Rule 26(f) report, designated experts, and filed a motion to dismiss); *Educ. Mgmt. Servs., LLC v. Tracey*, No. SA:15-cv-01-75, 2015 WL 4041664, at *6 (W.D. Tex. July 1, 2015) (finding prejudice where the plaintiff moved to compel arbitration four months after filing suit, during which time the defendant filed a notice of removal and briefed two motions to dismiss—one of which was granted in part shortly before the plaintiff filed its motion to compel arbitration); *Ferrari v. D R Horton, Inc.*, No. 2:14-cv-1941, 2015 WL 10913396, at *2 (N.D. Ala. Feb. 20, 2015) (finding prejudice where the plaintiff waited nearly four months to request arbitration, during which time the defendant filed an answer, met with the plaintiff and filed a Rule 26(f) report, and fully briefed a motion to dismiss).

### B. Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure Rule 41(b) permits a district court to dismiss an action with or without prejudice, either *sua sponte* or upon motion, if the plaintiff fails to comply with the Federal Rules of Civil Procedure or with an order of the court. FED. R. CIV. P. 41(b); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F. 3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Rule 41(b) applies even if the plaintiff is proceeding *pro se*. *See Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

By order of the Court, Plaintiff was provided fourteen days to file an amended complaint to avoid dismissal of this action. More than three months have passed, yet Plaintiff has not amended his complaint. The Court finds Plaintiff has failed to prosecute his remaining claims in this action. As such, dismissal is appropriate under Rule 41(b).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Dkt. 49) is hereby **DENIED**.

**IT IS ORDERED** that Plaintiff's claims asserted under 15 U.S.C. §§ 1605 and 1692(g) are hereby **DISMISSED WITH PREJUDICE**.

All relief not previously granted is hereby **DENIED**, and the Clerk of Court is directed to close this civil action.

**So ORDERED and SIGNED this 25th day of May, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE